UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
:
FELICE ROTHENBERG-SAPIRO, :
:
Plaintiff, : 13-cv-2409 (DLI) (JO)
:
vs. : ANSWER, DEFENSES AND
: AFFIRMATIVE DEFENSES
JPMORGAN CHASE BANK, N.A. and LULU STILES, :
Individually, :
:
Defendants. :
:
-------------------------------------------------------------------- x

Defendants JPMorgan Chase Bank, N.A. ("JPMC") and Lulu Stiles ("Stiles") (collectively "Defendants"), by and through their attorneys, Duane Morris LLP, as and for their Answer to the Complaint of Plaintiff Felice Rothenberg-Sapiro ("Plaintiff"), assert as follows:

## AS TO NATURE OF THE ACTION

1. The allegations set forth in paragraph "1" of the Complaint constitute a description of Plaintiff's claims in this action as to which no response is required. To the extent that Defendants are required to respond to the allegations in paragraph "1", Defendants deny the truth of the allegations set forth therein.

   a. Defendants assert that the allegations set forth in paragraph "1a" with respect to the Americans with Disabilities Act of 1990 as amended, the New York State Human Rights Law, the New York City Human Rights Law, the Family Medical Leave Act and Title VII, as amended by the Pregnancy Discrimination Act of 1978, set forth conclusions of law as to which no response is required. To the extent that Defendants are required to respond to the allegations set forth in paragraph "1a", Defendants deny the truth of the allegations set forth

therein and further deny that Plaintiff is entitled to any remedy or relief sought pursuant to such laws.

b. Defendants assert that the allegations set forth in paragraph "1(b)" with respect to the Americans with Disabilities Act of 1990, as amended, the New York State Human Rights Law, the New York City Human Rights Law and the Family Medical Leave Act set forth conclusions of law as to which no response is required. To the extent that Defendants are required to respond to the allegations set forth in paragraph "1b", Defendants deny the truth of the allegations set forth therein and further deny that Plaintiff is entitled to any remedy or relief sought pursuant to such laws.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Complaint, except Defendants deny violating Plaintiff's legal rights and deny that Plaintiff is entitled to any remedy or relief.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint, except Defendants deny violating Plaintiff's legal rights and deny that Plaintiff is entitled to any remedy or relief.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint, except aver that on or about October 6, 2009 JPMC received from the Equal Employment Opportunity Commission ("EEOC") a copy of a charge of discrimination, dated September 14, 2009, bearing a stamp showing receipt by the EEOC on September 30, 2009 and identified as Charge Number 520-2009-04595.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint, except aver that on or about January 24,

2013, JPMC received from the EEOC a copy of a Dismissal and Notice of Rights, dated January 14, 2013, bearing Charge Number 520-2009-04595.

## AS TO JURISDICTION AND VENUE

6. Defendants assert that the allegations in paragraph "6" regarding 28 U.S.C. §§ 1331 and 1337 set forth conclusions of law as to which no response is required.

7. Defendants assert that the allegations with respect to 28 U.S.C. § 1367 set forth conclusions of law as to which no response is required.

8. Defendants assert that the allegations with respect to 28 U.S.C. § 1391(a) and (d) set forth conclusions of law as to which no response is required. To the extent that Defendants are required to respond to the allegations in paragraph "8", Defendants deny that JPMC has a "Whitehall" branch located at 153-15 Cross-Island Parkway and aver that JPMC has a branch located at 153-15 Cross Island Parkway in Whitestone, New York, where Plaintiff and Stiles worked for a period of time, and that JPMC is authorized to do business in New York and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

## AS TO PARTIES

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint, except aver that JPMC's records reflect that Plaintiff's last known address is 251-34 61st Avenue, Little Neck, Queens County, New York 11362.

11.     Defendants assert that the allegations set forth in paragraph "11" of the Complaint set forth conclusions of law as to which no response is required. To the extent that Defendants are required to respond to the allegations in paragraph "11", Defendants admit that Plaintiff was employed by JPMC (and its predecessor entities) from on or about October 18, 1989 through November 20, 2008 and otherwise deny the truth of the allegations set forth therein.

12.     Deny the truth of the allegations set forth in paragraph "12" of the Complaint, except aver that JPMorgan Chase & Co. is a corporation with its principle place of business located at 270 Park Avenue, New York, New York and that JPMC is a national banking association, which employs more than 6,000 employees, is authorized to do business in New York, has a branch in Whitestone, New York and has its main office at 1111 Polaris Parkway, Columbus, Ohio, 43240.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint, except deny that Stiles was Plaintiff's branch manager at "Whitehall" and aver that Stiles held the job title of Branch Manager at the Whitestone branch, including while Plaintiff worked at Whitestone from on or about April 1, 2008 through November 20, 2008.

14.     Defendants assert that the allegations set forth in paragraph "14" set forth conclusions of law as to which no response is required. To the extent that Defendants are required to respond to the allegations in paragraph "14", Defendants deny the truth of the allegations set forth therein, and aver that Plaintiff was employed by JPMC (and its predecessor entities) from on or about October 18, 1989 through November 20, 2008.

15.     Admit the truth of the allegations set forth in paragraph "15" of the Complaint.

DM2\4442356.3

16. Deny the truth of the allegations set forth in paragraph "16" of the Complaint, except admit that Stiles was Plaintiff's supervisor from on or about April 1, 2008 through November 20, 2008.

17. Deny the truth of the allegations set forth in paragraph "17" of the Complaint.

## AS TO FACTS

18. Deny the truth of the allegations set forth in paragraph "18" of the Complaint, except admit that Plaintiff was hired by JPMC's predecessor entity, Manufacturers Hanover Trust Company, on October 18, 1989 and that she became a Branch Manager for JPMC beginning on or about September 1, 2004, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding any issues associated with the birth of Plaintiff's children.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint, except admit that Plaintiff took a leave of absence in or about January 14, 2005 through in or about April 8, 2005 in connection with the birth of her child.

20. Deny the truth of the allegations set forth in paragraph 20 of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint, except admit that Plaintiff took a leave of absence from in or about May 3, 2007 through in or about July 27, 2007 in connection with the birth of her child and returned to her position as Branch Manager on or about July 27, 2007.

22. Deny the truth of the allegations set forth in paragraph "22" of the Complaint, except admit that Plaintiff took a leave of absence from on or about October 26, 2007 through on or about February 4, 2008 and returned to her position as Branch Manager.

23. Deny the truth of the allegations set forth in paragraph "23" of the Complaint, except admit that Plaintiff voluntarily accepted the job title of Personal Banker, transferred to the Whitestone branch and was given a temporary schedule of 8:00 a.m. to 4:30 p.m. Monday to Friday, a half hour lunch period, and two Saturdays per month, effective April 1, 2008 to June 1, 2008.

24. Deny the truth of the allegations set forth in paragraph "24" of the Complaint, except admit that JPMC extended Plaintiff's temporary schedule beyond June 1, 2008.

25. Deny the truth of the allegations set forth in paragraph "25" of the Complaint, except admit that at least one other employee complained about Plaintiff's temporary schedule.

26. Deny the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Deny the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Deny the truth of the allegations set forth in paragraph "28" of the Complaint, except admit that Plaintiff called JPMC's Human Resources Department on September 4, 2008 regarding her work schedule.

29. Deny the truth of the allegations set forth in paragraph "29" of the Complaint, except admit that Human Resources advised Plaintiff on September 4, 2008 that Human Resources did not request schedule changes unless medically related and aver that Plaintiff did not advise Human Resources that her desire to continue her temporary schedule was purportedly medically related.

30. Deny the truth of the allegations set forth in paragraph "30" of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint, except admit that JPMC gave Plaintiff

a written warning dated November 17, 2008 and refer the Court to the written warning, which speaks for itself.

32. Deny the truth of the allegations set forth in paragraph "32" of the Complaint and refer the Court to the written warning dated November 17, 2008, which speaks for itself.

33. Deny the truth of the allegations set forth in paragraph "33" of the Complaint and refer the Court to the written warning dated November 17, 2008, which speaks for itself.

34. Deny the truth of the allegations set forth in paragraph "34" of the Complaint, except admit that JPMC terminated Plaintiff's employment on November 20, 2008.

35. Deny the truth of the allegations set forth in paragraph "35" of the Complaint, except admit that JPMC terminated Plaintiff's employment on November 20, 2008 and aver that Plaintiff admitted to making inappropriate religious/racial comments to Assistant Branch Manager, Suraja Rajan.

36. Deny the truth of the allegations set forth in paragraph "36" of the Complaint, except aver that JPMC terminated Plaintiff's employment on November 20, 2008 and that one of the reasons for her termination was her violation of the Company's harassment-free workplace policy.

37. Deny the truth of the allegations set forth in paragraph "37" of the Complaint.

38. Deny the truth of the allegations set forth in paragraph "38" of the Complaint.

39. Deny knowledge or information sufficient to form a belief as to the whether other JPMC employees have had "similar" "discussions" and otherwise deny the truth of the allegations set forth in paragraph "39" of the Complaint.

40. Deny upon information and belief the truth of the allegations set forth in paragraph "40" of the Complaint.

41. Deny the truth of the allegations set forth in paragraph "41" of the Complaint.

42. Deny the truth of the allegations set forth in paragraph "42" of the Complaint.

43. Deny the truth of the allegations regarding a "discriminatory and retaliatory termination" and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint.

46. Deny the truth of the allegations set forth in paragraph "46" of the Complaint.

## AS TO CLAIMS AND DAMAGES

47. Neither admit nor deny the truth of the allegations set forth in paragraph "47" of the Complaint.

## AS TO THE FIRST CAUSE OF ACTION
(DISCRIMINATION IN VIOLATION OF THE ADA)

48. Repeat and reallege their responses to paragraphs "1" through "47" of the Complaint as if fully set forth herein.

49. Deny the truth of the allegations set forth in paragraph "49" of the Complaint.

50. Deny the truth of the allegations set forth in paragraph "50" of the Complaint.

51. Deny the truth of the allegations set forth in paragraph "51" of the Complaint.

52. Deny the truth of the allegations set forth in paragraph "52" of the Complaint.

53. Deny the truth of the allegations set forth in paragraph "53" of the Complaint.

54. Deny the truth of the allegations set forth in paragraph "54" of the Complaint.

55. Deny the truth of the allegations set forth in paragraph "55" of the Complaint.

DM2\4442356.3

56. Deny the truth of the allegations set forth in paragraph "56" of the Complaint.

57. Deny the truth of the allegations set forth in paragraph "57" of the Complaint.

### AS TO THE SECOND CAUSE OF ACTION
(VIOLATION OF DUTY OF REASONABLE ACCOMMODATION)

58. Repeat and reallege their responses to paragraphs "1" through "57" of the Complaint as if fully set forth herein.

59. Deny the truth of the allegations set forth in paragraph "59" of the Complaint.

60. Deny the truth of the allegations set forth in paragraph "60" of the Complaint.

61. Deny the truth of the allegations set forth in paragraph "61" of the Complaint.

62. Deny the truth of the allegations set forth in paragraph "62" of the Complaint.

63. Deny the truth of the allegations set forth in paragraph "63" of the Complaint.

64. Deny the truth of the allegations set forth in paragraph "64" of the Complaint.

65. Deny the truth of the allegations set forth in paragraph "65" of the Complaint.

### AS TO THE THIRD CAUSE OF ACTION
(RETALIATION IN VIOLATION OF ADA, TITLE VII and the FMLA)

66. Repeat and reallege their responses to paragraphs "1" through "65" of the Complaint as if fully set forth herein.

67. Deny the truth of the allegations set forth in paragraph "67" of the Complaint.

68. Deny the truth of the allegations set forth in paragraph "68" of the Complaint.

69. Deny the truth of the allegations set forth in paragraph "69" of the Complaint.

70. Deny the truth of the allegations set forth in paragraph "70" of the Complaint.

71. Deny the truth of the allegations set forth in paragraph "71" of the Complaint.

72. Deny the truth of the allegations set forth in paragraph "72" of the Complaint.

73. Deny the truth of the allegations set forth in paragraph "73" of the Complaint.

74. Deny the truth of the allegations set forth in paragraph "74" of the Complaint.

DM2\4442356.3

75. Deny the truth of the allegations set forth in paragraph "75" of the Complaint.

76. Deny the truth of the allegations set forth in paragraph "76" of the Complaint.

77. Deny the truth of the allegations set forth in paragraph "77" of the Complaint.

78. Deny the truth of the allegations set forth in paragraph "78" of the Complaint.

79. Deny the truth of the allegations set forth in paragraph "79" of the Complaint.

### AS TO THE FOURTH CAUSE OF ACTION
(DISCRIMINATION IN VIOLATION OF NYSHRL)

80. Repeat and reallege their responses to paragraphs "1" through "79" of the Complaint as if fully set forth herein.

81. Deny the truth of the allegations set forth in paragraph "81" of the Complaint.

82. Deny the truth of the allegations set forth in paragraph "82" of the Complaint.

83. Deny the truth of the allegations set forth in paragraph "83" of the Complaint.

84. Deny the truth of the allegations set forth in paragraph "84" of the Complaint.

85. Deny the truth of the allegations set forth in paragraph "85" of the Complaint.

86. Deny the truth of the allegations set forth in paragraph "86" of the Complaint.

87. Deny the truth of the allegations set forth in paragraph "87" of the Complaint.

88. Deny the truth of the allegations set forth in paragraph "88" of the Complaint.

89. Deny the truth of the allegations set forth in paragraph "89" of the Complaint.

### AS TO THE FIFTH CAUSE OF ACTION
(VIOLATION OF DUTY OF REASONABLE ACCOMMODATION)

90. Repeat and reallege their responses to paragraphs "1" through "89" of the Complaint as if fully set forth herein.

91. Deny the truth of the allegations set forth in paragraph "91" of the Complaint.

92. Deny the truth of the allegations set forth in paragraph "92" of the Complaint.

93. Deny the truth of the allegations set forth in paragraph "93" of the Complaint.

94. Deny the truth of the allegations set forth in paragraph "94" of the Complaint.

95. Deny the truth of the allegations set forth in paragraph "95" of the Complaint.

96. Deny the truth of the allegations set forth in paragraph "96" of the Complaint.

97. Deny the truth of the allegations set forth in paragraph "97" of the Complaint.

## AS TO THE SIXTH CAUSE OF ACTION
(RETALIATION IN VIOLATION OF NYSHRL)

98. Repeat and reallege their responses to paragraphs "1" through "97" of the Complaint as if fully set forth herein.

99. Deny the truth of the allegations set forth in paragraph "99" of the Complaint.

100. Deny the truth of the allegations set forth in paragraph "100" of the Complaint.

101. Deny the truth of the allegations set forth in paragraph "101" of the Complaint.

102. Deny the truth of the allegations set forth in paragraph "102" of the Complaint.

103. Deny the truth of the allegations set forth in paragraph "103" of the Complaint.

104. Deny the truth of the allegations set forth in paragraph "104" of the Complaint.

105. Deny the truth of the allegations set forth in paragraph "105" of the Complaint.

106. Deny the truth of the allegations set forth in paragraph "106" of the Complaint.

107. Deny the truth of the allegations set forth in paragraph "107" of the Complaint.

108. Deny the truth of the allegations set forth in paragraph "108" of the Complaint.

109. Deny the truth of the allegations set forth in paragraph "109" of the Complaint.

110. Deny the truth of the allegations set forth in paragraph "110" of the Complaint.

111. Deny the truth of the allegations set forth in paragraph "111" of the Complaint.

## AS TO THE SEVENTH CAUSE OF ACTION
(DISCRIMINATION IN VIOLATION OF NYCHRL)

112. Repeat and reallege their responses to paragraphs "1" through "111" of the Complaint as though fully set forth herein.

11

DM2\4442356.3

113. Deny the truth of the allegations set forth in paragraph "113" of the Complaint.

114. Deny the truth of the allegations set forth in paragraph "114" of the Complaint.

115. Deny the truth of the allegations set forth in paragraph "115" of the Complaint.

116. Deny the truth of the allegations set forth in paragraph "116" of the Complaint.

117. Deny the truth of the allegations set forth in paragraph "117" of the Complaint.

118. Deny the truth of the allegations set forth in paragraph "118" of the Complaint.

119. Deny the truth of the allegations set forth in paragraph "119" of the Complaint.

120. Deny the truth of the allegations set forth in paragraph "120" of the Complaint.

121. Deny the truth of the allegations set forth in paragraph "121" of the Complaint.

## AS TO THE EIGHTH CAUSE OF ACTION
(VIOLATION OF DUTY OF REASONABLE ACCOMMODATION)

122. Repeat and reallege their responses to paragraphs "1" through "121" of the Complaint as if fully set forth herein.

123. Deny the truth of the allegations set forth in paragraph "123" of the Complaint.

124. Deny the truth of the allegations set forth in paragraph "124" of the Complaint.

125. Deny the truth of the allegations set forth in paragraph "125" of the Complaint.

126. Deny the truth of the allegations set forth in paragraph "126" of the Complaint.

127. Deny the truth of the allegations set forth in paragraph "127" of the Complaint.

128. Deny the truth of the allegations set forth in paragraph "128" of the Complaint.

129. Deny the truth of the allegations set forth in paragraph "129" of the Complaint.

## AS TO THE NINTH CAUSE OF ACTION
(RETALIATION IN VIOLATION OF NYCHRL)

130. Repeat and reallege their responses to paragraphs "1" through "129" of the Complaint as if fully set forth herein.

131. Deny the truth of the allegations set forth in paragraph "131" of the Complaint.

132. Deny the truth of the allegations set forth in paragraph "132" of the Complaint.

133. Deny the truth of the allegations set forth in paragraph "133" of the Complaint.

134. Deny the truth of the allegations set forth in paragraph "134" of the Complaint.

135. Deny the truth of the allegations set forth in paragraph "135" of the Complaint.

136. Deny the truth of the allegations set forth in paragraph "136" of the Complaint.

137. Deny the truth of the allegations set forth in paragraph "137" of the Complaint.

138. Deny the truth of the allegations set forth in paragraph "138" of the Complaint.

139. Deny the truth of the allegations set forth in paragraph "139" of the Complaint.

140. Deny the truth of the allegations set forth in paragraph "140" of the Complaint.

141. Deny the truth of the allegations set forth in paragraph "141" of the Complaint.

142. Deny the truth of the allegations set forth in paragraph "142" of the Complaint.

143. Deny the truth of the allegations set forth in paragraph "143" of the Complaint.

## AS TO THE TENTH CAUSE OF ACTION
AGAINST DEFENDANT LULU STILES (NYSHRL – AIDING AND ABETTING)

144. Repeat and reallege their responses to paragraphs "1" through "143" of the Complaint as if fully set forth herein.

145. Deny the truth of the allegations set forth in paragraph "145" of the Complaint, except admit that Stiles was Plaintiff's supervisor from on or about April 1, 2008 through November 20, 2008.

146. Deny the truth of the allegations set forth in paragraph "146" of the Complaint.

147. Deny the truth of the allegations set forth in paragraph "147" of the Complaint.

## AS TO THE ELEVENTH CAUSE OF ACTION
AGAINST DEFENDANT LULU STILES (NYCHRL – AIDING AND ABETTING)

148. Repeat and reallege their responses to paragraphs "1" through "147" of the Complaint as if fully set forth herein.

149. Deny the truth of the allegations set forth in paragraph "149" of the Complaint except admit that Stiles was Plaintiff's supervisor from on or about April 1, 2008 through November 20, 2008.

150. Deny the truth of the allegations set forth in paragraph "150" of the Complaint.

151. Deny the truth of the allegations set forth in paragraph "151" of the Complaint.

### AS TO THE TWELFTH CAUSE OF ACTION
(DISCRIMINATORY DISCHARGE)

152. Repeat and reallege their responses to paragraphs "1" through "151" of the Complaint as if fully set forth herein.

153. Deny the truth of the allegations set forth in paragraph "153" of the Complaint.

154. Deny the truth of the allegations set forth in paragraph "154" of the Complaint.

155. Deny the truth of the allegations set forth in paragraph "155" of the Complaint.

### AS TO ATTORNEYS' FEES AND COSTS

156. Deny the truth of the allegations set forth in paragraph "156" of the Complaint.

### AS TO PUNITIVE DAMAGES – BAD FAITH

157. Deny the truth of the allegations set forth in paragraph "157" of the Complaint.

### AS TO THE REQUEST FOR RELIEF

158. Deny the truth of the allegations set forth in the "Wherefore" clause of the Complaint except aver that it contains the prayer for relief as to which no response is required. To the extent that a response is required, Defendants deny that Plaintiff is entitled to the remedies or relief sought in the Wherefore clause.

### AS TO THE DEMAND FOR TRIAL BY JURY

159. Deny the truth of the allegations set forth in the "Demand for Trial by Jury" clause of the Complaint.

DM2\4442356.3

## DEFENSES AND AFFIRMATIVE DEFENSES

160. Defendants assert that they bear the burden of proof only on those matters set forth herein as affirmative defenses within the meaning of Fed. R. Civ. P. 8(c). Defendants set forth their defenses and affirmative defenses to Plaintiff's claims as follows.

### AS AND FOR A FIRST DEFENSE

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted or the damages sought can be awarded.

### AS AND FOR A SECOND DEFENSE

2. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to satisfy the jurisdictional prerequisites, applicable statutes of limitations and/or conditions precedent to asserting any or all of such claims.

### AS AND FOR A THIRD DEFENSE

3. Plaintiff's claims are barred, in whole or in part, by the fact that any and all actions taken by Defendants with respect to Plaintiff were based upon legitimate, non-discriminatory business reasons totally unrelated to Plaintiff's alleged disability and pregnancies and were without any discriminatory animus or in violation of any rights under any discrimination law.

### AS AND FOR A FOURTH DEFENSE

4. Each and every action taken by Defendants was undertaken in good faith and in full compliance with all applicable laws, rules, and regulations.

### AS AND FOR A FIFTH DEFENSE

5. Plaintiff's claims are barred because she is not disabled within the meaning of the ADA, New York Executive Law or the New York City Human Rights Law.

## AS AND FOR AN SIXTH DEFENSE

6. Plaintiff's claims are barred, in whole or in part, because she did not at any time request an accommodation of any alleged disability and even if she had, Defendants reasonably accommodated her.

## AS AND FOR A SEVENTH DEFENSE

7. Plaintiff's claims are barred, in whole or in part, because Defendants neither knew nor should have known of any alleged discriminatory treatment of Plaintiff and because Defendants neither acquiesced in any alleged treatment nor failed to take appropriate corrective action.

## AS AND FOR AN EIGHTH DEFENSE

8. Plaintiff's claims for damages are barred or reduced by the requirement that she mitigate, or make reasonable efforts to mitigate, those alleged damages.

## AS AND FOR A NINTH DEFENSE

9. Plaintiff does not state a claim for emotional distress because the alleged conduct, even if true, does not rise to the level of intentional, extreme, severe and/or outrageous conduct.

## AS AND FOR AN TENTH DEFENSE

10. Defendants engaged in no conduct that would warrant the imposition of punitive damages.

## AS AND FOR A ELEVENTH DEFENSE

11. Plaintiff's claims are barred, in whole or in part, under the doctrine of unclean hands.

## AS AND FOR AN TWELFTH DEFENSE

12. Plaintiff's claims are barred, in whole or in part, under the doctrine of waiver, estoppel, and laches.

## AS AND FOR A THIRTEENTH DEFENSE

13. The Complaint fails to state a claim against Stiles as she has no ownership interest in JPMC or any power to do more than carry out personnel decisions made by others and did not actively participate in the alleged conduct giving rise to Plaintiff's claims.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

14. Plaintiff's claims are barred, in whole or in part, because any further accommodation would not have been reasonable and/or would have imposed an undue burden on JPMC.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

15. Plaintiff's claims are barred, in whole or in part, because JPMC exercised reasonable care to prevent and correct promptly any discriminatory behavior by having anti-discrimination policies and procedures for investigating and preventing discrimination with a complaint procedure and Plaintiff unreasonably failed to take action, pursuant to those policies or otherwise, to be free from discrimination.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

16. Plaintiff's claims are barred, in whole or in part, because JPMC established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices, including but not limited to: (a) a meaningful and responsive procedure for investigating complaints of discriminatory practices and for taking appropriate action against those persons who are found to have engaged in such practices; (b) a firm policy against such

practices which is effectively communicated to employees; (c) a program to educate employees and agents about unlawful discriminatory practices under applicable law; and (d) procedures directed at the prevention and detection of such practices; and a record of no, or relatively few, prior incidents of discriminatory conduct by such employee.

**WHEREFORE**, Defendants demand judgment against Plaintiff:

    a.    dismissing the Complaint in its entirety with prejudice;

    b.    denying the demands and prayer for relief contained in the Complaint;

    c.    awarding Defendants reasonable costs, disbursements and attorneys' fees; and

    d.    granting such other and further relief as the Court deems just and proper.

Dated: September 10, 2013

/s/ Joanna R. Varon
Joanna R. Varon, Esq.
DUANE MORRIS LLP
Attorneys for Defendants
1540 Broadway
New York, New York 10036
(212) 692-1000

TO: Brian McCaffrey, Esq.
Leffler Marcus & McCaffrey LLC
Attorneys for Plaintiffs
200 Madison Avenue, Suite 1901
New York, New York 10016
(212) 489-8775

DM2\4442356.3

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
                                                                   :
FELICE ROTHENBERG-SAPIRO,                                          :
                                                                   :
Plaintiff,                                                         :   13-cv-2409 (DLI) (JO)
                                                                   :
vs.                                                                :   **CERTIFICATE OF**
                                                                   :   **SERVICE**
JP MORGAN CHASE BANK, N.A. and LULU STILES,                        :
individually,                                                      :
                                                                   :
Defendants.                                                        :
                                                                   :
------------------------------------------------------------------ x
```

I hereby certify that on September 10, 2013, I caused a copy of the following documents:

**DEFENDANTS' ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES AND RULE 7.1 STATEMENT**

to be served by ECF and first class mail directed to the attorney for Plaintiff at the following address:

Brian McCaffrey, Esq.
Leffler Marcus & McCaffrey LLC
Attorneys for Plaintiffs
200 Madison Avenue, Suite 1901
New York, New York 10016

/s/ Joanna R. Varon
Joanna R. Varon, Esq.
DUANE MORRIS LLP
Attorneys for Defendants
1540 Broadway
New York, New York 10036
(212) 692-1000

19